IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Prep Solutions Ltd., <br><br>        PLAINTIFFS, <br><br> v. <br><br> Elephant Projects, Ltd., et al, <br><br>        DEFENDANTS. | Case No. 2:23-cv-00211-JRG |

**DEFENDANT ELEPHANT PROJECTS, LTD'S MOTION TO DISMISS THE COMPLAINT**

Defendant Elephant Projects, Ltd, (Defendant) by and through counsel, hereby submit this Motion to Dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**I.      INTRODUCTION**

Defendant is based in India, has all operations in India or other locations outside the United States, and has as its only contact with this forum a single sale made to Plaintiff cited in the Complaint.  A single sale to a litigant has been held to be insufficient to establish minimum contracts with a forum.  Other indicia that have been considered sufficient activities in a forum are lacking: maintaining an office, having employees or agents, having substantial and sustained business dealings with customers in the forum, or advertising specifically targeting forum residents.  Instead, Defendant operates an internet website available worldwide without advertising into specific localities.  As shown below, such a generally available website, even with attenuated sales into the forum and attendant interactivity is not enough to establish the minimum contacts needed to establish personal jurisdiction.

1

## II.  LEGAL STANDARD

The Supreme Court has repeatedly reaffirmed that, as a matter of due process, courts may exercise personal jurisdiction over a nonresident defendant only if "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction ... does not offend 'traditional notions of fair play and substantial justice.' " *Admar Int'l v. Eastrock, LLC,* 18 F.4th 783, 786 (5th Cir. 2021)(citations omitted).

"Specific jurisdiction requires a plaintiff to show that: '(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts. Once [the] plaintiff makes that showing, the defendant can then defeat the exercise of specific jurisdiction by showing (4) that it would fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable.'" *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 221-22 (5th Cir. 2012)

"Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.' " *Id*. (citations omitted*). Admar,* 18 F.4th at 786.

2

The Fifth Circuit applies a three-step test to determine whether specific jurisdiction exists. First, Plaintiffs must show that a defendant has minimum contacts with the forum—that defendant purposefully directed its activities at the forum and availed itself of the privilege of doing business there. Second, Plaintiffs must show that their cause of action arises out of defendant's forum contacts. And third, if Plaintiffs satisfy the first two steps, then defendant must show that exercising jurisdiction would prove unfair or unreasonable. *Id.*

"The analysis applicable to a case involving jurisdiction based on the Internet should not be different at its most basic level from any other personal jurisdiction case." *Pervasive Software,* 688 F.3d at 226–27.  To assess the existence or absence of purposeful availment based on activities on the Internet, the Fifth Circuit has adopted the framework set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Mink* , 190 F.3d at 336. Under *Zippo*, a defendant has purposefully availed itself of the benefits and protections of the forum state if it "enters into contracts with residents of [the] foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." 952 F. Supp. at 1124. It has not done so simply by posting information on a passive website. *Id*. Between those extremes, purposeful availment turns on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Admar,* 18 F.4th at 786.

When cases fall in the middle of the *Zippo* spectrum, the Court must consider "the level of interactivity" of a defendant's website, and "[w]ebsite interactivity is important only insofar as it reflects ... purposeful targeting of residents of the forum state." *Pervasive Software*, 688 F.3d at 228 (quotations omitted). *See also Admar*, 18 F.4th at 787.

The plaintiff has the burden of demonstrating the Court's jurisdiction, but the Court must accept his uncontroverted, non-conclusory allegations of fact." *Johnson v. TheHuffingtonPost.com*, 21 F.4th 314, 317 (5th Cir. 2021).

### III.   FACTS

Defendant owns and operates the website www.testpreptraining.com where individuals can access sample questions and explanatory answers for a variety of standardized tests. Ex. 1 at ¶¶1-2.  Defendant is an Indian corporation whose operations are run from India.  *Id.* at ¶2. Defendant has no offices, employees or agents located in Texas, nor does Defendant conduct any advertising directed at specific markets or locations, much less to Texas, specifically. *Id.* at ¶8-9.   When a consumer browsing the internet lands on Defendant's website, the consumer can register for an account by providing a name and email address.  *Id.* at ¶6.  If a consumer purchases access to one of Defendant's test prep question and answer sets, then the consumer makes a one-time payment with a Visa/Mastercard account number or a Paypal email address.  *Id.* at ¶7. Defendant does not collect and maintain address information as part of the account registration or payment process. *Id.* at ¶7.  Once a customer has registered and

processed payment, the customer can access the sample test questions and explanatory answers through the website but cannot download the materials or upload any content to the website. *Id*. at ¶¶4-5. The only sale Defendant is aware of into Texas is the sale made to Plaintiff cited in the Complaint. *Id*. at ¶10.

IV. **ARGUMENT**

    a. **There is no Specific Personal Jurisdiction because Defendant lacks the necessary minimum contacts with Texas and has not Purposefully Availed itself of the forum**

When courts evaluate purposeful availment in internet cases, as is the case here, the *Zippo* framework applies. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).

Under *Zippo*, a defendant has purposefully availed itself of the benefits and protections of the forum state if it "enters into contracts with residents of [the] foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." *Zippo*, 952 F. Supp. at 1124. It has not done so simply by posting information on a passive website. *Id*. Between those extremes, purposeful availment turns on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id*.

At bottom, *Zippo* seeks to answer the question: Has the defendant targeted the forum state? *See Pervasive Software*, 688 F.3d at 228. The touchstone of personal jurisdiction remains the existence of "some act by which the defendant purposefully

5

avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Admar*, 18 F.4th at 786.

This case is analogous to *Admar Int'l v. Eastrock, LLC*, 18 F.4th 783 (5th Cir. 2021), where the Fifth Circuit applied the *Zippo* standard to an internet website selling materials accused of copyright infringement and concluded that even though the website was in the middle of the *Zippo* interactivity scale, i.e., interactive to allow purchases, that did not give rise to personal jurisdiction where the defendant had no offices, employees, or operations in the forum, and that only limited products had been shipped into the forum. As with *Admar*, Defendant has no offices, employees, or operations in Texas, and Plaintiff points to only a single sale to support jurisdiction, the same type of attenuated contact rejected in *Admar* and other website cases.

One such analogous case is *Brainstorm XX, LLC v. Wierman* where the court found "[defendant's] relationship with Texas is far too thin to support haling him to the State to defend himself in a lawsuit. Aside from two internet sales and miscellaneous travel, [defendant] has not purposefully directed his actions toward Texas or availed [himself] of the privilege of doing business here." *Brainstorm XX, LLC v. Wierman*, CIVIL 4:21-CV-584-SDJ, at *1 (E.D. Tex. Sep. 22, 2022). First, *Brainstorm* involved a foreign defendant with no physical presence in Texas, and likewise, Defendant is located and operates in India and has no physical presence in Texas. *Id*. at *2. Second, both here and

6

in *Brainstorm* the defendant's only contact with the forum was access to an internet website selling allegedly copyrighted material.

The court in *Brainstorm* held that the website fell in the middle of the *Zippo* spectrum. Each is more than passive in that it enables consumers to register accounts and purchase and view allegedly copyrighted material. But neither involves the knowing and repeated transmission of files to Texas residents and has not facilitated Texas business transactions, except for attenuated sales. What is more, the Defendant's website does not even allow users to download materials, rather it grants users access to questions and explanatory answers on the website. Thus, the Court should find that there is no personal jurisdiction over Defendant.

Another analogous case is *Pervasive Software*, where the foreign defendant "ha[d] no offices or sales agents in Texas and solicit[ed] no business there through advertising targeted specifically to Texas. " 688 F.3d at 228. Although the defendant's "website [was] accessible worldwide," *Id*. at 218, its "actions of making its [products] internet-accessible were not purposely directed toward Texas," *Id*. at 227. The court concluded that personal jurisdiction failed because the defendant's website was merely accessible in the forum and did not target the forum. *Id*. at 227–28.

Another analogous case is *The Naughtys LLC v. Does*, 4:21-CV-492-0 (N.D. Tex. Mar. 3, 2022) where the court considered a generally available internet storefront on the www.amazon.com website that was owned by a foreign individual, and sold products

alleged to infringe on plaintiff's copyrighted ornaments. The court held that there was no personal jurisdiction reasoning that the generally available website was not targeted at Texas, and that the only sale in evidence to a Texas resident was to the plaintiff. Regarding this sale, the court reasoned that "[c]ourts have repeatedly rejected attempts by Plaintiffs, as was done in this case, to manufacture contacts with the forum state by having an agent or investigator pose as a buyer and purchase the alleged infringing products" *The Naughtys LLC v. Does*, at *15.

As in *The Naughtys*, the only sale into Texas alleged in the Complaint is to Plaintiff or their agents. Defendant does not maintain location information for customers in its customer database. Rather, Defendant maintains user accounts by name and email address, and does not request address information for customer payments. Instead, Defendant processes payments using name and payment card numbers consistent with requirements in India. Thus, when a customer purchases access to Defendant's sample questions and explanatory answers, Defendant is unaware of the physical location of the customer. As such, Defendant's lack of advertising directed at Texas or any other meaningful contact with Texas, Defendant cannot be said to have "known" or "directed" its activity into Texas. Accordingly, Defendant did not purposely avail itself of the laws of the state of Texas, and lacks the constitutionally required minimum contacts necessary to establish personal jurisdiction.

## V. There is no General Personal Jurisdiction

Given that Defendant lacks the minimum contacts required to establish specific personal jurisdiction, Defendant also lacks the continuous and systematic contacts with the forum necessary to establish general jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to dismiss.

Respectfully submitted this 6rd day of September, 2023.

*Kyle Davis*
_____

Kyle Davis
Illinois 6299614,
**DAVIS IP**
kdavis@davisip.legal
(312) 532-7340

*Attorney for Defendants*