IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PREP SOLUTIONS LTD., | § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00211-JRG |
| TECHONO LTD., et al., | § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Prep Solutions Ltd.'s ("Plaintiff") *Ex Parte* Motion for an Order Authorizing Alternative Service of Process on Defendants (the "Motion"). (Dkt. No. 9.) Having considered the Motion and the accompanying declaration, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.   BACKGROUND

On May 10, 2023, Plaintiff filed this lawsuit against Defendants Techono Ltd. ("Techono"), Services & Consulting Force SRL ("SCF"), Nguyen Duy Hoat ("Mr. Hoat"), ASoft Solutions 4Team ("ASoft Solutions"), Elephant Projects Ltd. ("Elephant Projects"), Xcerts.com ("Xcerts"), ExamPoster, Certbus.com ("Certbus"), Passleader.com ("Passleader"), and ExamHighPass, alleging copyright infringement. (*See* Dkt. No. 1.) Plaintiff provides "proprietary practice questions and other materials to individuals preparing for information technology ("IT") certification exams." (Dkt. No. 9 at 1, citing Dkt. No. 1.) Specifically, Plaintiff alleges that Defendants (who are foreign individuals, corporations, or unincorporated associations) are distributing Plaintiff's copyrighted practice questions throughout the U.S. via their commercial websites. (*Id.*, citing Dkt. No. 1.)

On July 7, 2023, Plaintiff filed the instant Motion seeking an order authorizing alternative service of process on Defendants Techono, SCF, Mr. Hoat, ASoft Solutions, Xcerts, ExamPoster, Certbus, Passleader, and ExamHighPass (collectively, "Defendants")[1] at the email addresses and electronic points of contact listed in Schedule A in the Motion. (Dkt. No. 9 at 1, 14.) Defendants, apart from Mr. Hoat, are online businesses operating through commercial websites and relying exclusively on electronic communication to function, and each has a "contact page" for providing customer service. (Dkt. No. 9 at 2, citing Dkt. No. 9-1, ¶ 6.) Plaintiff represents that it has confirmed that Defendants' electronic points of contract are operational and capable of receiving messages:

> After filing this lawsuit, [Plaintiff] sent messages to each of the Defendants' electronic points of contact and provided each Defendant, except for ExamPoster, a copy of the complaint. Roughly half of the Defendants responded acknowledging receipt of the Complaint, and the messages to the Defendants who did not respond did not "bounce back" as undeliverable.

(Dkt. No. 9 at 2, citing Dkt. No. 9-1, ¶¶ 6–7.)

Further, Plaintiff has come forward with evidence that it has made a diligent effort to identify physical addresses or other traditional methods for contacting the Defendants. (*Id.* at 2–3; *see also* Dkt. No. 9-1, ¶¶ 9–23.) Plaintiff identified potential physical addresses for only four Defendants—ASoft Solutions, Passleader, Techono, and SCF—which are each located outside of the United States. (Dkt. No. 9 at 3.) Plaintiff argues, and the record reflects, that Plaintiff's counsel investigated the identified addresses but could not confirm that any were viable for service because "the addresses are either incomplete, false, or it is not clear there is someone authorized to receive service at the address." (*Id.*, citing Dkt. No. 9-1, ¶¶ 9–23.)

---

[1] This designation of "Defendants" excludes Elephant Projects, which has waived service in accordance with FRCP 4(d). (*See* Dkt. No. 14.)

2

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Fed. R. Civ. P. 4 (f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Rule 4(f)(3) permits a district court to order service by "other means not prohibited by international agreement." However, service by these other means "must be consistent with procedural due process." *Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, 2022 WL 329880, at *2 (E.D. Tex. Feb. 2, 2022). This requires that the court-ordered method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Viahart, L.L.C. v. GangPeng*, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Therefore, under Rule 4(f)(3), a district court may

order service by any method that is (1) "not prohibited by international agreement" and (2) "reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Id.* (holding that service by email was proper because it was court ordered and reasonably calculated to give defendants notice).

### III.  DISCUSSION

#### A.  Alternative Service

Plaintiff argues it should be permitted to serve Defendants via electronic mail because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f)(3) and Due Process.

##### i.  Applicability of the Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service." *Whirlpool*, 2022 WL 329880, at *2 (citing *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012) (internal citations omitted)). The Hague Convention "shall not apply where the address of the person to be served with the document is not known." *Id.* (internal citations omitted). In determining whether defendants' addresses are "unknown," courts often look at the reasonable efforts of the plaintiff "in attempting to discover said addresses." *Compass Bank v. Katz*, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) (collecting cases).

As an initial matter, the Court notes that Defendant Nguyen Duy Hoat is not mentioned in the Motion or the declaration apart from the request for relief with respect to Mr. Hoat. In the Complaint, Plaintiff alleges that Mr. Hoat is believed to be either a principal or employee of ASoft Solutions. (Dkt. No. 1, ¶ 6.) In Schedule A attached to the Motion, Mr. Hoat is placed in the same category as ASoft Solutions. (*See* Dkt. No. 9 at 14.) However, Mr. Hoat is independently named as a Defendant. (Dkt. No. 1.) There has been no showing of an attempt to serve Mr. Hoat with

process, nor any mention of an attempt to locate his personal address. No connection between Mr. Hoat and ASoft Solutions is expressly established in the briefing. (*See* Dkt. No. 9.) Therefore, the Court finds that Plaintiff failed to demonstrate that it made reasonable efforts to identify Mr. Hoat's physical address or serve him by traditional means. Ultimately, Plaintiff did not meet its burden to show that Mr. Hoat's address is "unknown."

The Court finds that Plaintiff has made reasonable efforts to identify physical addresses with respect to the other Defendants. As detailed in the declaration submitted by Plaintiff's counsel, Plaintiff performed Google searches, reviewed Defendants' websites, and searched the Internet Corporation for Assigned Names and Numbers ("ICANN") WHOIS Registry, and searched centralized corporate registries of various foreign countries and territories. (Dkt. No. 9-1, ¶¶ 5, 8.) Only four of the Defendants—ASoft Solutions, Passleader, Techono, and SCF—disclosed physical addresses either directly through their websites or through invoices for products purchased from those websites. (*Id.*, ¶ 9.) Plaintiff argues that all of the Defendants' addresses are unknown or otherwise not viable for service of process. (Dkt. No. 9 at 6.)

Defendants Xcerts, ExamPoster, Certbus, and ExamHighPass did not disclose a physical address via website, and have registered domain names with third-party domain privacy services that shield their contact information from the public. (Dkt. No. 9-1, ¶ 8.) Plaintiff represents that the only known points of contact for the Defendants are the contact email addresses, comment pages, or message platforms provided on their websites, and the record does not demonstrate otherwise. (Dkt. No. 9 at 6, citing Dkt. No. 9-1, ¶¶ 6–9.)

Defendant ASoft Solutions' purported mailing address is in Malaysia, which is not a signatory to the Hague Convention.[2] (*Id.* at 7.) Plaintiff's counsel asserts that he could not find a

---

[2] *See* list of Hague Convention signatories, at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

corporate entity registered under the name "ASoft Solutions 4Team" and that the mailing address does not include an actual street address. (Dkt. No. 9-1, ¶ 11.) Plaintiff could find no other physical addresses associated with ASoft Solutions. (*Id.*, ¶ 12.) Regarding Defendant Passleader, invoices for products bought through Passleader's websites provide a Hong Kong return address at Nan Fung Tower in Room 1506. (*Id.*, ¶ 13.) Upon contacting the telephone operator for Nan Fung Tower, Plaintiff's counsel was informed that Nan Fung Tower does not have a room 1506. (*Id.*, ¶ 14.) The operator also confirmed that "Passleader.com" (or anyone doing business under the names of its affiliated websites) is not a tenant of Nan Fung Tower. (*Id.*) Plaintiff could find no other physical addresses associated with Passleader. (*Id.*, ¶ 15.)

Defendant Techono is incorporated in the United Kingdom. (*Id.*, ¶ 16.) Its registered address "appears to belong to 1st Formations Limited," which is a company that provides services through which it allows businesses to use its physical address to register their companies in the U.K. for an annual fee. (*Id.*, ¶ 17.) Notably, Techono and 64,273 other active companies list that address as their registered address. (*Id.*) Plaintiff represents that Techono has no physical presence at this address.[3] (*Id.*) Plaintiff further asserts that any attempt to serve Techono at this address would amount to de facto electronic service because 1st Formations Limited provides mail forwarding via email as part of its services.[4] (Dkt. No. 9, citing Dkt. No. 9-1, ¶¶ 17–18.)

Lastly, Plaintiff identified a physical address for SCF, an Italian limited liability company. (*Id.* at 8.) SCF's listed address is a mixed commercial-residential building in Rome. (Dkt. No. 9-1, ¶ 20.) SCF's incorporation documents state that it is a single-shareholder corporation, and the

---

[3] Plaintiff's counsel called the phone number listed on Techono's websites and explains that "[n]o one answered and the call went to voicemail. The voicemail message was a default message and did not identify the phone number as belonging to Techono []." (Dkt. No. 9-1, ¶ 19.)
[4] 1st Formation's website states: "All mail from UK government bodies, *as well as Court documents*, will be scanned and emailed to you…" (Dkt. No. 9 at 7–8) (emphasis added).

single shareholder is Lorenzo Notarfonzo. (*Id.*, ¶ 20, App'x A.) SCF's incorporation documents state that Mr. Notarfonzo's personal address is in Rome, but his LinkedIn account lists him as residing in Milan, Italy (roughly 350 miles from Rome). (*Id.*, ¶¶ 20–22.) Further, Mr. Notarfonzo's purported personal address in Rome appears to be a mixed commercial and residential building made up of several units, and the incorporation documents do not provide a unit number. (*Id.*, ¶ 20.) SCF's incorporation documents also state it has an office at a different address in Milan, which is similarly a mixed commercial-residential building with multiple separate units and no unit number listed in the documents. (*Id.*, ¶ 23.) A Google search revealed only one tenant of this building, and it could not be confirmed that Mr. Notarfonzo either lives or works at the listed Milan office. (*Id.*)

With regard to the Defendants aside from Mr. Hoat, the Court finds that these Defendants' addresses are unknown such that the Hague Convention does not apply.[5] Plaintiff has engaged in reasonable efforts to identify accurate physical addresses of those Defendants, as demonstrated by the Motion and supporting declaration. Similar to the situation presented in *Whirlpool*, based on the evidence presented by Plaintiff, the Defendants have "purposefully obfuscated their physical location[s] and identities." *See Whirlpool*, 2022 WL 329880, at *2. Despite Plaintiff's reasonable efforts, Defendants' addresses remain unknown. Even those addresses identified could not be confirmed as viable for service because "the addresses are either incomplete, false, or it is not clear there is someone authorized to receive service at the address." (*See* Dkt. No. 9 at 3.)  Plaintiff cannot serve these Defendants according to the Hague Convention because they cannot be found

---

[5] Plaintiff notes that "only SCF may conceivably have a physical address for service under the Hague Convention." (Dkt. No. 9 at 8.) Even if the Court were to find that SCF had a viable service address, which it does not, the Hague Convention does not prohibit service by email. *See, e.g.*, *DIRECTV, LLC v. WNK Associates, Inc.*, 2023 WL 2025039, at *3 (E.D. Tex. Feb. 15, 2023). Under Rule 4(f)(3), a Court is free to order alternative means of service where a signatory nation has not expressly objected to those means. *See id.* Further, Italy expressly allows service by email. (Dkt. No. 9 at 9, citing John Fellas et al., *Transnational Litigation: A Practitioner's Guide § 17:15*, Commencement of Suit in Italy.)

7

and are not located at their listed addresses. Nothing on the record before the Court suggests that the Defendants' actual physical addresses are known. As such, the Court finds that the Hague Convention is inapplicable with regard to the Defendants apart from Mr. Hoat, and service of process under Rules 4(f)(3) and h(2) is not prohibited by national agreement.

### ii. Reasonableness of Alternative Method of Service

Service of process through Rule 4(f)(3) must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. As discussed above, despite reasonable efforts by Plaintiff, it has not been able to identify viable service addresses for the Defendants. Serving Defendants through actively monitored email addresses will provide adequate notice of the suit, and may be the only method to effect service under the circumstances. *See Whirlpool*, 2022 WL 329880, at *2.

Plaintiff points out that "Defendants conduct their businesses entirely online, communicating exclusively through their contact email addresses or the messaging platforms on their websites." (Dkt. No. 9 at 11.) As discussed above, Plaintiff sent the Defendants (apart from ExamPoster)[6] a copy of the Complaint through their electronic points of contact. Certbus, Passleader, and ExamPoster responded to these messages acknowledging the lawsuit. (Dkt. No. 9-1, ¶¶ 6–7.) SCF contacted Plaintiff through its counsel retained for this suit, confirming that SCF received the email message and Complaint. (*Id.*, ¶ 6.) None of the messages to the Defendants that did not respond—Techono, ASoft Solutions, Xcerts, and ExamHighPass—bounced back as

---

[6] ExamPoster was not provided a copy of the Complaint, but responded to Plaintiff's message and acknowledged the lawsuit. (Dkt. No. 9-1, ¶ 6.)

Tex. July 2, 2014) ("[S]aving time and expense are valid reasons to request an alternative method of service."). Further, service under Rule 4(f)(3) is not a "last resort" or a type of "extraordinary relief" for a plaintiff seeking to serve process on a foreign defendant. *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. 2021).

### B. Extension of Time to Serve Defendants

"For cases involving foreign defendants, the Fifth Circuit has adopted a 'flexible due diligence standard for timeliness." *Whirlpool*, 2022 WL 329880, at *3 (citing *Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012)). Here, the Court finds it appropriate to give Plaintiff fourteen (14) days following the entry of this Order to effect alternative service on the Defendants.

### IV. CONCLUSION

Since a review of the record suggests that service by electronic mail is likely to be the most effective method of providing actual and meaningful notice to most Defendants, the Motion is **GRANTED-IN-PART and DENIED-IN-PART**. The Motion is **DENIED** with respect to Nguyen Duy Hoat. The Motion is **GRANTED** with respect to Defendants Techono Ltd., Services & Consulting Force SRL, ASoft Solutions 4Team, Xcerts.com, ExamPoster, Certbus.com, Passleader.com, and ExamHighPass.

Accordingly, it is **ORDERED** that Plaintiff serve Defendants Techono, SCF, ASoft Solutions, Xcerts, ExamPoster, Certbus, Passleader, and ExamHighPass by effecting alternative service through the email addresses and other electronic points of contact listed in Schedule A attached to the Motion.[8] (Dkt. No. 9 at 14.) Service on SCF shall additionally include service of

---

[8] The Court notes that ExamPoster and Certbus do not have email addresses listed in Schedule A, but instead have online contact forms and/or online service ticket systems listed as their electronic points of contact. (*See* Dkt. No. 9 at 14.) The Court's concerns regarding the effectiveness of service via electronic points of contact other than email are alleviated by the fact that both ExamPoster and Certbus responded to prior messages from Plaintiff through these listed platforms, acknowledging the lawsuit. (*See* Dkt. No. 9-1, ¶¶ 6–7.)

duplicate materials via email upon Alberto Polimeni, as counsel for SCF. The electronic mail sent for this purpose must include the same information that would be delivered if traditional in-person delivery were possible. Upon completion of such alternative service, Plaintiff shall file a Notice supported by a personal declaration as to the completion of such alternative service, together with copies of the electronic mail as sent and such supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon Defendants. Plaintiff is **GRANTED** fourteen (14) days following the entry of this Order to effect alternative service on the requisite Defendants and file the subsequent Notice required herein.

**So ORDERED and SIGNED this 21st day of November, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE