IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PREP SOLUTIONS LTD., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00211-JRG |
| TECHONO LTD., et al., | § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Elephant Projects, Ltd's ("Defendant") Motion to Dismiss the Complaint (the "Motion"). (Dkt. No. 10.) In the Motion, Defendant requests that the Court dismiss Plaintiff Prep Solutions Ltd.'s ("Plaintiff") complaint for lack of personal jurisdiction under Rule 12(b)(2). For the following reasons, the Court **DENIES** the Motion.

**I.   BACKGROUND**

On May 10, 2023, Plaintiff filed a complaint alleging copyright infringement against several parties, including Defendant. (Dkt. No. 1 ¶¶ 1, 7, 23.) Specifically, Plaintiff alleges that it "is in the business of providing study materials to individuals preparing for certification examinations in the information technology ('IT') industry," and Defendant is "willfully infringing [Plaintiff's] copyrights by distributing [Plaintiff's] copyrighted practice exams within this District and throughout the United States through their fully interactive commercial websites." (*Id*. ¶ 1.)

With respect to personal jurisdiction, Plaintiff alleges the following:

> This Court has personal jurisdiction over Defendants because they operate commercial websites accessible in this District and direct business activities toward consumers throughout the United States, including within the State of Texas and this District, through at least their fully interactive commercial websites. In doing so, Defendants have established minimum contacts with the State of Texas and/or the United States such that the exercise of jurisdiction over Defendants would not

1

offend traditional notions of fair play and substantial justice as necessary to satisfy constitutional requirements of due process.

(*Id*. ¶ 15.) Plaintiff does not allege specific acts of infringement within this judicial district or the State of Texas.

Defendant filed the Motion on September 6, 2023. (Dkt. No. 10.)[1] In the Motion, Defendant argues that the Court should dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2). (*Id*. at 1.) Plaintiff filed a Response in Opposition to Defendant Elephant Projects, Ltd.'s Motion to Dismiss the Complaint (the "Response") on September 26, 2023. (Dkt. No. 15.) Defendant did not file a reply.[2]

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019). "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a *prima facie* case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Id*. (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). "When considering the motion to dismiss, '[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they

---

[1] This district's Civil Local Rules require all motions to "be accompanied by a separate proposed order in searchable and editable PDF format for the judge's signature." CV-7(a).  The Motion fails to include a separate proposed order.
[2] Defendant filed Defendant Elephant Projects, Ltd's Unopposed Motion for Extension of Time (Dkt. No. 16, "Motion for Extension of Time") several days after its deadline to file a reply brief. *See* CV-7(f) (providing that a reply must be filed "within seven days from  the date the response is served"). However, the Motion for Extension of Time failed to include a Certificate of Conference, as required by this district's Local Rules. CV-7(i). This deficiency was noted in a docket entry that also provided Defendant with one business day to file a corrected Motion for Extension of Time that included a Certificate of Conference. Defendant did not file a corrected Motion for Extension of Time.

are contradicted by defendant's affidavits.'" *Id*. (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)). Further, "any genuine, material conflicts between the facts" established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists. *Id*.

### III. DISCUSSION

#### A. Specific Personal Jurisdiction

Personal jurisdiction exists over a defendant where "the forum state's long-arm statute extends to the nonresident defendant and the exercise of jurisdiction comports with due process." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). Due to Texas's long-arm statute being "coextensive with the Due Process Clause of the Fourteenth Amendment, the two inquiries merge." *Id*. Due process is satisfied when a court finds that a defendant has "minimum contacts" with the forum state such that exercising personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Specific personal jurisdiction exists when "(1) the defendant engages in minimum contacts that are purposefully directed at the forum state, (2) there is a nexus between the defendant's contacts and the plaintiff's claims, and (3) the exercise of jurisdiction over the defendant is fair and reasonable." *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 688 (E.D. Tex. 2020) (citing *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012)) (cleaned up).

In cases involving activities on the Internet, the Fifth Circuit has adopted the framework set forth in *Zippo Manufacturing. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Under the *Zippo* framework,

> websites can fall along three jurisdictionally significant points: at the low end is a passive website which does nothing more than advertise on the Internet and for

3

> which personal jurisdiction is inappropriate; at the high end is a website that clearly does business over the Internet by repeatedly entering into contracts and for which personal jurisdiction is proper. In the middle are websites that allow a user to exchange information with a host computer and for which jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information. Websites in this middle category lend themselves to a familiar contacts-based analysis.

*ESPOT*, 492 F. Supp. 3d at 699 (cleaned up).

### 1. Arguments

In the Motion, Defendant argues that it lacks the necessary minimum contacts with Texas necessary to satisfy due process. (Dkt. No. 10 at 5–8.) Defendant argues that the facts here are similar to several cases[3] where courts found no personal jurisdiction. (*Id*. at 6–8.) Specifically, Defendant argues that it lacks the necessary minimum contacts with Texas because (1) Defendant exclusively operates in India; (2) Defendant has no offices, employees, or operations in Texas; (3) Defendant's only contact with Texas is its website which sells the allegedly infringing goods; (4) Defendant does not advertise into specific localities (including Texas); and (5) Plaintiff identifies only a single sale to support jurisdiction.[4] (*Id*.) Defendant also admits that it "does not collect and maintain address information as part of the account registration or payment process." (*Id*. at 4.)

In the Response, Plaintiff argues that this Court has specific personal jurisdiction over Defendant.[5] (Dkt. No. 15.) First, Plaintiff notes that Defendant's website is "highly interactive" because the website allows customers to access materials and Defendant provides customer support. (*Id*. at 8.) Plaintiff further speculates that "a substantial number of Texas residents likely

---

[3] *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783 (5th Cir. 2021); *Brainstorm XX, LLC v. Wierman*, No. 4:21-CV-584-SDJ, 2022 WL 4387858 (E.D. Tex. Sep. 22, 2022); *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214 (5th Cir. 2012); *The Naughtys LLC v. Does*, No. 4:21-CV-492-0, 2022 WL 818993 (N.D. Tex. Mar. 3, 2022).
[4] As discussed herein, Defendant repeatedly—and incorrectly—states that the Complaint alleges a single sale to support jurisdiction. To the contrary, the Complaint does not allege that Defendant made a specific number of infringing sales to Texas residents.
[5] As Plaintiff correctly notes, Defendant "has not addressed the second and third factors of the specific-personal jurisdiction analysis and has thus waived any argument that these factors are not satisfied." (Dkt. No. 15 at 6 n.3.)

4

interacted with the website" based "on the estimated U.S. web traffic for the website and Texas's ratio of the U.S. population," resulting in "potentially . . . several thousand sales to Texas residents during the infringement period." (*Id.*) Plaintiff notes that it "did not allege in the Complaint that Elephant Projects made only one sale in Texas." (*Id.*; *Id.* at 9 ("[Plaintiff] *did not allege a specific number of sales* to Texas residents because, as [Defendant] knows, only it and its payment processors have information for the specific customers who have made purchases from [Defendant's website]." (emphasis added)).) Rather, Plaintiff argues that personal jurisdiction is proper because Defendant "direct[s] business activities" towards consumers in the United States, Texas, and this District. (*Id.* (citing Dkt. No. 1 ¶ 15).) Additionally, Plaintiff argues that because Defendant's website is available in English and available in Texas, Plaintiff "has a reasonable basis to allege that [Defendant] made many sales to Texas residents" by using broad statistics on United States demographics and internet usage statistics. (*Id.* at 9–10.) Further, Plaintiff argues that Defendant's willful blindness as to sales made in Texas "is inapposite." (*Id.* at 10.) Finally, Plaintiff argues that Defendant "could have reasonably anticipated being haled into a Texas court to answer for its online activities" because it targeted customers worldwide, "as evidenced by its English-language website, a public advertisement that it 'specializes' in 'US Testprep,' the volume of its U.S. web traffic . . . , and by hosting the testpreptraining.com domain in the United States." (*Id.* at 11.)

### 2. Analysis

As an initial matter, the Complaint does not allege that Defendant made "a single sale" to support personal jurisdiction. (Dkt. No. 10 at 1, 6.) Indeed, as Plaintiff (to its credit) admits, it "did not allege a specific number of sales to Texas residents." (Dkt. No. 15 at 9.) Defendant—and its "senior manager" declarant, Ravinder Chaudhry (Dkt. No. 10-1 ¶ 10)—seems to have invented

5

this alleged sale that confusingly *harms* its argument. The Court is concerned about Defendant's misrepresentation, and the Court advises Defendant that it may potentially be subject to sanctions for future misrepresentations and violations of this district's Local Rules (*see supra*, n. 1–2) or this Court's Standing Orders.

Turning to the substance of the Parties' arguments, the Court finds that it does not have specific personal jurisdiction over Defendant. First, Plaintiff and Defendant agree that that they are in the "middle" of the *Zippo* framework. (Dkt. No. 10 at 5–6; Dkt. No. 15 at 7.) The Court agrees. Accordingly, the Court finds it appropriate to conduct a typical personal jurisdiction contacts-based analysis. Applying this analysis, the Court finds that it does not have specific personal jurisdiction over Defendant.

As explained above, Plaintiff admits that it cannot identify any sales Defendant made in Texas, let alone specific acts of copyright infringement committed by Defendant in Texas. Instead, Plaintiff broadly relies upon demographic information and website traffic analyses to approximate how many Texas residents *may* have purchased infringing products from Defendant. Plaintiff's analysis is insufficient and far too speculative to show the minimum contacts necessary with Texas. Indeed, while Plaintiff's allegations show that Defendant certainly targets and advertises to United States residents generally (as discussed *infra*, § III.b.), Plaintiff has not shown that Defendant has targeted and/or advertises to the residents of Texas. On this record, the Court finds that Defendant's maintenance of a website merely available to Texas residents that sells allegedly infringing goods is insufficient to support specific personal jurisdiction.[6]

---

[6] Plaintiff does not dispute that this Court does not have general personal jurisdiction. (Dkt. No. 10 at 9.)

### B. Personal Jurisdiction Under Rule 4(k)(2)

Personal jurisdiction may exist under Rule 4(k)(2) of the Federal Rules of Civil Procedure where "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." FED. R. CIV. P. 4(k)(2). Personal jurisdiction may be established under Rule 4(k)(2) if the following conditions are satisfied: (1) plaintiff's claims arise under federal law; (2) plaintiff serves summons or files a waiver of service; (3) defendant is not subject to the general jurisdiction of any other state; and (4) the exercise of jurisdiction is consistent with the Constitution and laws of the United States. *DISH Network, L.L.C. v. Elahmad*, No. 23-20180, 2024 WL 1008585, at *2 (5th Cir. Mar. 8, 2024).

With respect to the fourth prong, "[i]n applying Rule 4(k)(2) the Court must determine whether the defendant has sufficient ties to the United States as a whole to satisfy constitutional due process concerns." *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004). A defendant must have "purposefully avail[ed] itself of the privilege of conducting activities" in the United States. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). The defendant's contacts with the United States "must be [its] own choice and not random, isolated, or fortuitous. They must show that the defendant deliberately reached out beyond its home—by, for example, exploi[ting] a market in the forum State or entering a contractual relationship centered there." *Id*. (internal quotation marks and citations omitted). Importantly, plaintiff's claims must "arise out of or relate to" those contacts. *Id*. (citation omitted). Finally, the plaintiff must show that "exercising our jurisdiction [would] be 'fair and reasonable' to the defendant." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021) (citation omitted).

### 1. Arguments

In the Motion, Defendant does not address personal jurisdiction under Rule 4(k)(2), nor does it address its contacts to the United States as a whole.

In the Response, Plaintiff states that Defendant's "extensive contacts with the United States as [a] whole are more than sufficient for the Court to exercise personal jurisdiction under the federal long-arm statute." (Dkt. No. 15 at 12.) Plaintiff argues that because it "pled Rule 4(k)(2)'s applicability" and that Defendant "has waived service and not conceded to jurisdiction in another state," Defendant "is subject to personal jurisdiction under Rule 4(k)(2) if it has minimum contacts with the United States to satisfy due process." (*Id.* at 13.) Plaintiff further argues that Defendant has sufficient contacts with the United States because it offers its allegedly infringing products for sale to United States residents. (*Id.* at 13-14.)

### 2. Analysis

The Court finds that it has jurisdiction over Defendant under Rule 4(k)(2). Plaintiff satisfies the first three prongs of the Rule 4(k)(2) inquiry. First, Plaintiff's copyright infringement claims arise under federal law. *See* 17 U.S.C. §§ 101 *et seq*. Second, Defendant waived service. (Dkt. No. 14.) Third, Defendant has not shown—nor has it even attempted to show—that it is subject to another state's jurisdiction. *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018) ("the burden to establish that there was a state meeting the [personal jurisdiction] criteria necessarily must fall on the defendant").

Plaintiff also satisfies the fourth prong because Defendant has sufficient contacts with the United States. The Fifth Circuit's recent *DISH Network* decision is instructive. There, plaintiff accused defendant of copyright infringement by operating a website that provided consumers with free access to allegedly infringing content. 2024 WL 1008585, at *1. While defendant was not

8

located in the United States, he "allegedly promote[d] his website as providing free access to [infringing content] on social media sites such as Facebook, Instagram, and Pinterest." *Id*. Such social media promotion was found to be "relevant to whether the defendant solicited business in the forum." *Id*. at *4. Moreover, the court found it relevant that defendant contracted with a United States-based web server "to enhance the experience for United States users." *Id*. Based on these allegations, the court found these contacts were sufficient to confer personal jurisdiction over defendant. *Id*.

Here, Plaintiff explains that Defendant "knowingly offers its products, including the infringing products, through its website directly to consumers throughout the United States without restriction." (Dkt. No. 15 at 13.) According to Plaintiff, Defendant knows it is accessing "the United States market as evidenced by the fact that it registered and hosts its website in the U.S. and further evidenced by the advertisement on it[s] LinkedIn page stating that it 'specializes' in 'US Testprep.'" (*Id*. at 13–14 (citing Dkt. No. 15-2).) Further, "the domain for [Defendant's website] is hosted in the United States, which provides better performance for U.S. internet users." (*Id*. at 14.) Finally, Plaintiff notes that Defendant publishes its website in English. (*Id*. at 11.) The Court finds that these undisputed arguments are nearly identical to those the Fifth Circuit found persuasive in *DISH Network*. Accordingly, Plaintiff has made a *prima facie* showing that Defendant has sufficient contacts with the United States to establish personal jurisdiction under Rule 4(k)(2).

The Court also finds that it is fair and reasonable for Defendant to be subject to jurisdiction in the United States. As Plaintiff has met its *prima facie* burden, the burden shifts to Defendant to show that the Court's exercise of jurisdiction would be unreasonable. However, Defendant did not address whether it would be fair and reasonable for it to be subject to jurisdiction in the United

States. Instead, the Motion only argues that it would not be fair and reasonable for it to be subject to jurisdiction in *Texas*. In view of Defendant's failure to address this issue, and in further view of the United States' interest in enforcing its copyright laws, the Court finds that it is fair and reasonable for Defendant to be subject to jurisdiction in the United States and this Court.[7]

Accordingly, the Court finds that it has jurisdiction over Defendant under Rule 4(k)(2).

## IV. CONCLUSION

For the reasons stated above, the Motion (Dkt. No. 10) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 22nd day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[7] This conclusion is further supported by Defendant's choice to "not collect and maintain address information as part of the account registration or payment process" for access to its website. (Dkt. No. 10 at 4.) Defendant should not now benefit from its willful blindness.